IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TARRANTS BENARD CARTER, SR.
(Also known as Chip) PLAINTIFF

v. Civil No. 6:26-cv-06096-MEF

WALTER WHITE
(Warden, Omega Technical Violator Center) DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Accordingly, for the purpose of preservice review pursuant to 28 U.S.C. § 1915A(a), the case will automatically be reassigned to a United States District Judge and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3).

## I. BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on July 14, 2026. (ECF No. 2). It was transferred to this District on July 15, 2026. (ECF No. 4). On August 6, 2026, the Court entered an Order directing Plaintiff to submit an Amended Complaint to address deficiencies with his original Complaint. (ECF No. 8). Plaintiff submitted his Amended Complaint on August 28, 2026. (ECF No. 10). At the time Plaintiff submitted his initial Complaint, he was incarcerated in the Arkansas Division of Community Correction Omega Technical Violator Center. Plaintiff indicates he was convicted and was detained pending a parole violation. (*Id*. at 2). On September 18, 2026, he filed a Notice of Address Change indicating he had been transferred to the Arkansas Division of Correction Varner Unit. (ECF No. 11).

In his Amended Complaint, Plaintiff alleges that he was denied his Bill of Rights on November 14, 2025, while incarcerated in the Omega Technical Violator Center. (ECF No. 10 at 4). Specifically, Plaintiff alleges:

> Lt. Stevenson drug tested me in 22 days after I made it back from court, I told him that he had just drug tested me 22 days ago and it take 45 days for T.H.C. to leave the system so it aint no way I would be clean, he sent it off to a lab for more investigation.
>
> I was injured mentally because I was stripped of my freedom, and restricted from other privileges, following the warden's protocol.

(*Id.* at 5). Plaintiff proceeds against Defendant White in his official and individual capacities. (*Id.*). As his official capacity claim, Plaintiff states "Abuse of Authority." (*Id.*). Plaintiff did not provide any information in the portion of the form where he was to specify his requested relief. (*Id.* at 9).

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). The complaint must, however, still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

Plaintiff indicated in his Amended Complaint that he had a prior conviction and was being held pending a parole violation. As a parolee, he alleges that his constitutional rights were violated because an Omega Center staff member drug-tested him and he failed the drug test. "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . .." *West v. Atkins,* 487 U.S. 42, 48 (1988). No claim of constitutional dimension has been stated. *See, e.g. Levine v. Roebuck*, 550 F.3d 684 (8th Cir. 2008) (random drug testing of a state inmate was not unconstitutional, even when it was necessary to catheterize the inmate to obtain the urine sample.)

Even if a constitutional right had been violated, Plaintiff failed to allege any action or inaction by Defendant White which was responsible. Instead, he appears to have named him as the sole Defendant in this case because he was the Warden of the Omega Center. Individual liability under § 1983 must be based on personal involvement. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendant, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of

[his] constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that "general responsibility for supervising the operations of a prison is insufficient to establish personal involvement required to support [§ 1983] liability").

Finally, Plaintiff cannot pursue an official capacity claim against Defendant White, who is the Warden of an Arkansas State correctional facility. "[N]either a State nor its officials acting in their official capacities are "persons" under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999) ("a section 1983 suit cannot be brought against the State").

## IV. CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's Amended Complaint (ECF No. 10) be DISMISSED WITHOUT PREJUDICE.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in a waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED on this 19th day of October 2026.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE